# Hogg's Estate.

*Partnership—Trusts and trustees—Assets—Assignment of partner's interest to other partner.*

Where one partner sells his interest to another in consideration of an engagement by the latter to pay the partnership debts, the engagement to pay them is but a personal contract. It creates no lien on the property.

Where a partnership consisting of two persons is insolvent, and one of the partners who was insolvent sells his interest to the other who was solvent, and the latter takes over the assets and expends more than the value of them in paying partnership debts, his estate cannot be held liable as a trustee for a judgment recovered in Massachusetts after his death against his former partner individually, on a suit originally begun against both partners, but which under the Massachusetts law had abated as to the decedent upon his death.

Argued Oct. 31, 1907. Appeal, No. 78, Oct. T., 1907, by The Tremont Nail Company, from decree of O. C. Allegheny Co., Jan. T., 1903, No. 116, dismissing petition for citation in Estate of Nathaniel B. Hogg, deceased. Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Petition for citation.

OVER, J., filed the following opinion:

The Tremont Nail Company, a Massachusetts corporation, in 1882 instituted a proceeding by attachment against Robert C. Totten and N. B. Hogg, this decedent, both of Pittsburg, partners doing business as Totten & Company, in the Massachusetts courts for the purpose of recovering $16,000 damages for an alleged breach of a contract. The defendants appeared by counsel. The cause was continued from time to time until June 8, 1897, when it was dismissed: on June 14, 1897, was reinstated and again dismissed on May 31, 1900; was again reinstated on March 15, 1901, and on September 4, 1901, defendant Totten suggested the death of defendant Hogg which occurred July 21, 1901. Then on January 11, 1904, defendant's counsel withdrew his appearance, and on February 10, 1904, Totten was called to come into court and did not appear and the cause was continued for the assessment of damages, and on June 21, 1904, the plaintiff amended his writ and declaration by leave of court, "by changing the ad damnum from $16,000 to $50,000," and on July 5, 1904, the following decree was made:

"It is considered by the court that said Tremont Nail Company, plaintiff as aforesaid recover against said Robert C. Totten, defendant as aforesaid, the sum of $37,455.18 damages and costs of suit taxed at $272.04. And execution is awarded for the same sums against the goods, effects and credits of said defendant in his own hands, and in the hands and possession of said Edmund M. Wood and Martial F. H. Wood, trustees of said defendant."

The partnership existing between Totten and Hogg was dissolved in 1889, Hogg being the only solvent partner and the partnership assets were assigned to him, he expending more than their value in the payment of partnership debts. He subsequently organized a corporation under the name of Totten and Hogg Iron and Steel Foundry Company, with 3,000 shares of capital stock at par value of $50.00, and turned over to it the property which had been assigned to him by the firm at the valuation of $135,000, receiving therefor 2,960 shares of said capital stock. He having died July 21, 1901, testate, letters were issued on his estate to his executors, George A. and William A. Hogg, who sold the 2,960 shares of

stock of said corporation belonging to the estate for $98,656 and accounted for same in their first and final account filed September 4, 1902, at No. 116, January Term, 1903. It was duly advertised and confirmed absolutely on January 15, 1903, and came up for audit January 27, 1903, when W. A. Hogg, one of the executors testified, inter alia, as follows:

"We have paid all the debts of my uncle except one claim which is in litigation in Boston. That claim the executors do not admit. It has been pending since 1882 and no judgment has been recovered. Our counsel there advises that it is the best thing to do to let it go a little while until it is dropped. We don't recognize it as a claim against the estate."

On March 6, 1903, a decree was made confirming payments previously made by the executors on account of distribution, and distributing the amount in their hands to the widow and legatees, which amounts the executors have paid. W. A. Hogg, one of the executors, died in 1905, and the surviving executor, G. A. Hogg, was discharged by decree of court on September 23, 1905.

The Tremont Nail Company filed its petition on February 21, 1906, alleging, inter alia, that Robert C. Totten is unable to satisfy the judgment obtained against him by it or any part thereof, praying the decree discharging G. A. Hogg, surviving executor, be set aside, that the decree of distribution be opened and its claim on the judgment against Totten be allowed as a valid claim against the estate and the distributees refund to the executor a sufficient amount to pay said claim.

Citation was issued on this petition on all the distributees and answers have been filed by them, denying the petitioner's right to the relief prayed for. The cause was heard upon petition and answer.

The petitioner is not entitled to the relief prayed for unless it appears that the estate is legally liable for its claim, and also that the decree confirming payments previously made by the executors and distributing the funds in their hands, with which they have complied, is not conclusive.

Under the Massachusetts statutes, the action brought there against Totten and Hogg abated as to the latter by his death: New Haven, etc. v. Hayden, 119 Mass. 361. It was then prosecuted against Totten alone and the judgment was re-

covered against him individually. If the petitioner had appeared at the audit of the account as it had not recovered a judgment against the decedent and the action against him had abated, its claim would have been founded only on an alleged breach of contract occurring in 1881 and would have been barred by the statute of limitation.

This much is conceded by counsel for the petitioner; but it is contended that decedent having taken over the firm assets of Totten & Company, assumed a trust relation to the petitioner as to them, and that, therefore, his estate is liable to it for the amount of the judgment recovered against Totten individually. We cannot assent to this proposition. In Baker's Appeal, 21 Pa. 76–82, it was held that:

" Where one partner sells his interest to another in consideration of an engagement by the latter to pay the partnership debts, the engagement to pay them is but a personal contract. It creates no lien on the property."

And " the parties may by mutual agreement as by the sale of one partner's interest to his copartners convert the partnership property into individual property:" Shumaker on Partnership, 225. The effect of the transfer by Totten to Hogg of the former's interest in the firm assets was to convert them into the individual property of the latter, and if he did covenant with Totten to pay the firm's debts, which, however, is not admitted in the answers, no trust was created; but it was only a personal covenant which could be enforced by Totten alone. Moreover, it appears that when the assets of the firm were assigned to the decedent that both Totten and the firm were insolvent, and that the decedent expended more than their value in the payment of the firm's debts; the partnership was then dissolved, and as its assets were applied to the payment of its debts, there never were any in the executors' hands to be applied to the payment of the petitioner's judgment, if it be valid as against firm assets.

If, however, there was a trust, it was constructive, and could only be in force within six years from its creation, and as it originated in 1889, any claim under it is barred: Ashhurst's Appeal, 60 Pa. 290.

As we think the decedent's estate is not liable for the petitioner's claim, it is not necessary to consider whether the de-

cree of the court and distribution thereunder was conclusive; and the petition must be dismissed.

*Error assigned* was decree dismissing the bill.

*John P. Hunter*, of *Lyon, Hunter & Burke*, for appellant.

*Wm. M. Hall*, with him *Shiras & Dickey*, and *O. P. Metcalf*, for appellees.

PER CURIAM, January 6, 1908:

The decree is affirmed on the opinion of the court below.